SLIP OPINION

Cite as 2017 Ark. 259

# SUPREME COURT OF ARKANSAS

No. CR–17–614

| | | |
|---|---|---|
| STATE OF ARKANSAS | PETITIONER | Opinion Delivered: September 21, 2017 |
| V. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-00-1457] |
| BRANDON HARDMAN | RESPONDENT | HONORABLE WENDELL LEE GRIFFEN, JUDGE |
| | | DISSENTING OPINION. |

**RHONDA K. WOOD, Associate Justice**

The circuit court has ruled the Arkansas General Assembly's adoption of the "Wyoming remedy" is unconstitutional and ordered new sentencing hearings before a jury for defendants who were sentenced to life imprisonment for crimes committed as juveniles. The majority of this court has chosen not to address the ruling under this procedural posture, I dissent.

In *Montgomery v. Louisiana*, the Supreme Court held, "[g]iving Miller retroactive effect, moreover, *does not* require States to relitigate sentences . . . in every case where a juvenile offender received mandatory life without parole. A state may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than resentencing them." 136 S. Ct. 718, 736 (2016) (emphasis added). The Supreme Court cited the Wyoming legislature, which affords juveniles parole eligibility after 25 years, as an example of a sufficient remedy to a *Miller* error. *Id.* The Arkansas General Assembly statutorily provided defendants in Arkansas the "Wyoming remedy" when it enacted the

Fair Sentencing of Minors Act (FSMA), Act 539 of 2017. As I believe compliance with

FSMA is the correct procedure, I would grant the writ.

WOMACK, J., joins.